UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LABORERS' LOCAL UNION NOS. 472 AND 172, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>A&R FENCE AND GUIDERAIL, LLC,<br><br>Respondent. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:25-cv-11934-KMW-EAP<br><br>**MEMORANDUM OPINION** |

**Zachary F. Ramsfelder, Esq.**
ZAZZALI, P.C.
570 Broad Street, Suite 1402
Newark, NJ 07102

*Counsel for Petitioners*

**WILLIAMS, District Judge**:

## I. INTRODUCTION

This matter comes before the Court on the Motion to Confirm Arbitration Award filed by Local Unions 472 and 172 of the Laborers' International Union of North America ("Unions"), the "Welfare and Pension Funds" and "Safety, Education and Training Funds" (together, "Funds"), and Zazzali, P.C. (collectively, "Petitioners"), pursuant to the Federal Arbitration Act ("FAA"). In their Motion, Petitioners seek judicial confirmation of the March 27, 2025 Arbitration Award and Order issued by J.J. Pierson, Esq. ("Arbitrator"), as well as the entry of a corresponding judgment against respondent A&R Fence and Guiderail, LLC ("Respondent"). To date, Respondent has neither appeared in this case nor opposed Petitioners' Motion. For the reasons set forth below, the Motion is granted.

I.  **BACKGROUND**

This case concerns an employer's contractually obligated contributions to a multiemployer benefit plan. Respondent is an employer and signatory to a collective bargaining agreement with the Unions ("CBA").[1] (ECF No. 1 at 1.) Under the CBA, Respondent agreed to make specified monetary contributions to the Funds for the benefit of the union employees covered by its terms. (*Id.* at 4–5.) The CBA further provides that all disputes concerning Respondent's compliance with its contribution obligations be submitted to binding arbitration. (*Id.*) Such a dispute arose here and was submitted to the Arbitrator for resolution.

On March 27, 2025, the Arbitrator issued an Arbitration Award and Order in Petitioners' favor, finding that Respondent was "delinquent in payment of contributions" owed under the CBA ("Arbitration Award"). (*Id.* at 24–26.) That finding was based on evidence Petitioners presented at a hearing held on January 30, 2025; Respondent did not appear or otherwise participate in that hearing. (*Id.*) Pursuant to the CBA, the Arbitrator granted relief to enforce its contribution provisions, including directing Respondent, at its own expense, to submit to an audit of payroll and other records for the period beginning July 1, 2022 through the present. (*Id.* at 25–26, ¶¶ 1, 4–5, 7–8.) The Arbitrator further found that Respondent must reimburse Petitioners for the costs they have incurred in pursuing this action.[2] (*Id.* at 25, ¶¶ 2–3.)

---

[1] Excerpts of various iterations of the CBA effective between 2007 and 2027 are attached to the Petition. (ECF No. 1 at 3–23.)

[2] The Award also purports to award two sets of attorneys' fees. First, it directs Respondent to pay Petitioners' reasonable attorneys' fees, which the CBA separately calculates to be "no less than 20% of the amount due." (*Id.* at 4, 7, 10, 13.) Second, the Award includes a contingent directive for Respondent to pay "supplementary attorneys' fees" equal to "ten percent (10%) of the total amount due to the Funds," but only if additional legal efforts become necessary "to recover the amounts due on said judgment or to compel an audit." (*Id.* at 25, ¶ 6.) The Award does not fix any fee amount, and nor could it on the present record: both fee provisions are keyed to the amount of delinquent contributions (an amount not yet established), and the supplementary-fee provision is further dependent on future enforcement activity that may or may not be necessary. As neither of these fee provisions can be reduced to a final, definite, or executable judgment at this time, the Court construes them as declarations of Petitioners' contractual entitlement to seek an award of attorneys' fees in the future.

On June 18, 2025, Petitioners initiated the instant case and timely moved to confirm the Award pursuant to the FAA, 9 U.S.C. § 9. Respondent has neither appeared in this matter nor responded to Petitioners' submissions.[3] The three-month period in which Respondent could have moved to vacate, modify, or correct the Award has expired, and Petitioners' Motion is thus ripe for disposition. *See id.* § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.").

## II. DISCUSSION

Under the FAA, confirmation is the process through which a party to arbitration completes the award process, rendering the award a final and enforceable judgment. *See* 9 U.S.C. § 13. The FAA "not only authorizes, but mandates, that district courts confirm arbitration awards by converting them into enforceable judgments through a summary proceeding." *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 248 (3d Cir. 2020). Section 9 of the FAA provides, in relevant part:

> [A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9 (emphasis added).

District courts have little authority to disturb arbitration awards. *See United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995). Where parties have agreed

---

[3] Petitioners' counsel has certified that copies of their Petition and Motion were sent to Respondent by certified mail to an address in Hammonton, New Jersey. (ECF No. 2-2 at 2.) That address matches the company address listed for Respondent in its CBA's signature block. (ECF No. 1 at 27.) Accordingly, the Court finds that service comports with the requirements of the FAA. *See* 9 U.S.C. § 9 ("If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court."); *see also* Fed. R. Civ. P. 5(b)(2)(C) (permitting service by mailing to party's "last known address—in which event service is complete upon mailing").

to be bound by an arbitrator's decision, a court must enter an order enforcing the same the same unless (1) the award was "procured by corruption, fraud, or undue means"; (2) there was "evident partiality or corruption in the arbitrators, or either of them"; (3) the arbitrators were "guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy," or "of any other misbehavior by which the rights of any party have been prejudiced"; or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10. Stated succinctly, district courts do not vacate arbitration awards absent evidence that the arbitrator's decision was based on a "manifest disregard of the law." *See Loc. 863 Int'l Bhd. of Teamsters v. Jersey Coast Egg Producers, Inc.*, 773 F.2d 530, 534 (3d Cir. 1985). This is a "strict standard" in which "a reviewing court will decline to sustain an award only in the rarest case." *Newark Morning Ledger Co. v. Newark Typographical Union*, 797 F.2d 162, 165 (3d Cir. 1986) (internal quotation marks omitted).

    Here, the Court finds that confirmation of the Arbitration Award is warranted. The Arbitration Award reflects the Arbitrator's evaluation of the evidence before him; clearly sets forth findings of facts; and reaches legal conclusions supported by the CBA. Nothing in the record suggests that the Arbitrator exceeded his authority, disregarded the CBA, or otherwise acted in a manner that would permit vacatur under the FAA. *See Loc. 863 Int'l Bhd. of Teamsters*, 773 F.2d at 533. Accordingly, the Court finds that the Arbitration Award must be confirmed.

## III.  CONCLUSION

For the reasons set forth above, Petitioners' Motion to Confirm Arbitration Award is granted. An appropriate Order and Judgment shall follow.

Dated: January 29, 2026

*Karen M. Williams*
KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE